The document below is hereby signed.

Signed: April 24, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHAWNEQUEE T. LATIMER, | ) | Case No. 13-00629 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SHAWNEQUEE T. LATIMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10001 |
| SHEILA ZIFF, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER CONTINUING SCHEDULING
CONFERENCE AND PARTIALLY STRIKING PARAGRAPH 8 OF THE ANSWER

On January 2, 2014, the debtor commenced this adversary proceeding by the filing of a complaint seeking to avoid a judicial lien as an impairment to the debtor's exemptions under 11 U.S.C. § 522(f). On February 7, 2014, the defendant, Sheila Ziff, filed a joint answer and counterclaim. On March 20, 2014, the debtor filed a line requesting that the adversary complaint be withdrawn. There were no appearances at the March 25, 2014 scheduling conference.

I

Although the debtor filed a line purporting to withdraw the complaint, that filing did not result in a dismissal of this adversary proceeding.  Pursuant to Fed. R. Civ. P. 41, made applicable to these proceedings by Fed. R. Bankr. P. 7041, a voluntary dismissal by the plaintiff without a court order is effective only if notice of such dismissal is filed before the opposing party serves an answer, or if there is a stipulation of dismissal signed by all parties who have appeared.  The plaintiff's unilateral notice of withdrawal was filed after the filing of an answer, rendering it ineffective.  Furthermore, there is now a counterclaim pending, and the attempted withdrawal of the original complaint did nothing to disturb the pendency of the counterclaim.  Accordingly, it is still necessary to hold a scheduling conference in this matter.

II

The counterclaim seeks a declaration that the debt secured by the lien the debtor seeks to avoid is nondischargeable under 11 U.S.C. § 523(a)(4).  In paragraph 8 of the answer, the defendant-counterclaimant makes the related assertion that "the debtor is not entitled to an exemption as the debt secured against her property is a kind specified in 11 U.S.C. § 523(a)(4)."  The question of whether the underlying obligation is nondischargeable under 11 U.S.C. § 523(a)(4) is irrelevant to

the question of whether a lien can be avoided as an impairment to an exemption. *See In re Treadwell*, 459 B.R. 394, 415 (Bankr. W.D. Mo. 2011) ("The dischargeability of a loan is irrelevant to the avoidance of a lien under § 522(f)(1) and § 522(f)(2)(A)."); *In re Hunnicutt*, 457 B.R. 463, 464 (Bankr. D.S.C. 2011) ("Courts have routinely held that the avoidability of a lien is not affected by the dischargeability of the underlying debt."). The above-quoted clause of paragraph 8 of the answer is thus a misstatement of the law and shall be stricken accordingly.

III

It is

ORDERED that the scheduling conference as to both the complaint and the counterclaim is continued to **May 6, 2014, at 2:00 p.m.** It is further

ORDERED that the clause found in paragraph 8 of the answer stating that "the debtor is not entitled to an exemption as the debt secured against her property is a kind specified in 11 U.S.C. § 523(a)(4)" is STRICKEN.

[Signed and dated above.]

Copies to: All counsel of record;

Sheila Ziff
c/o Eli Guiterman, Esq., Conservator
2120 L Street, NW, Suite 700
Washington, D.C. 20037